**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　　Plaintiff–Appellee,

v.

JOSE LUIS ADAME-TORRES,

　　　　　Defendant–Appellant.

No. 11-1473
(D.C. No. 1:10-CR-00271-MSK-1)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant Jose Luis Adame-Torres pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. Although this offense generally carries a mandatory minimum term of imprisonment of ten years, Defendant was entitled to safety valve relief under 18 U.S.C. § 3553(f) as a first-time

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

offender who did not possess a firearm, use threats or violence, or have a leadership role in the offense. The district court calculated an advisory guidelines range of 87-108 months' imprisonment and imposed a low-end sentence of 87 months. On appeal, Defendant challenges only the substantive reasonableness of his 87-month sentence.

Defendant contends this sentence is unreasonable because it is only three months shorter than the 90-month sentence received by his codefendant, the higher-level dealer for whom Defendant delivered drugs. Although the codefendant had a significant criminal history and a leadership role in the offense, he received the benefit of a downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 because he provided the government with information about other drug dealers. While Defendant attempted to do the same, the information he provided was not sufficient to qualify as substantial assistance under these provisions. Defendant now contends it is unjust for a lower-level drug dealer to receive essentially the same sentence as his more culpable supplier based simply on the fact that the supplier, through his deeper involvement in the drug world, had more information to provide to the government in exchange for leniency.

We review the substantive reasonableness of the sentence imposed for abuse of discretion. *See United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). In applying this standard, "we recognize that in many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *Id.*

The district court concluded a low-end guidelines sentence was appropriate based on all of the circumstances in this case, including the quantities and types of drugs found in Defendant's possession, the fact that the offense involved multiple sales of drugs, and Defendant's lengthy history of illegally entering the United States at his convenience. After reviewing the briefs and the record on appeal, we are not convinced this decision constituted an abuse of discretion. Defendant "essentially urges this court to re-sentence him, giving greater weight to the existence of co-conspirator disparities than did the district court." *United States v. Martinez*, 610 F.3d 1216, 1229 (10th Cir. 2010). But "[t]hat is not our role." *Id.* Because we conclude Defendant's 87-month sentence fell within the realm of rationally available choices for the district court to make, we **AFFIRM** the sentence imposed.[1]

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] Defendant also contends this court's substantive-unreasonableness standard of review is itself unreasonable because it is so deferential it effectively insulates sentences from appellate scrutiny. *Cf. United States v. Wittig*, 528 F.3d 1280, 1289 (10th Cir. 2008) (Hartz, J., concurring) ("Under this court's present approach we may go through the motions of substantive-reasonableness review, but it will be an empty gesture."). Defendant explains he raised this argument only to preserve it for further review. As he acknowledges, this panel is not free to ignore circuit precedent setting the applicable standard of review.